NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RASHID EL MALIK,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7060

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-656, Judge Mary J. Schoelen.

---

Decided: July 7, 2015

---

RASHID EL MALIK, Palos Verdes Estate, CA, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.; DAVID J. BARRANS, MARTIN JAMES SENDEK, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, O'MALLEY, and CHEN, *Circuit Judges.*

PER CURIAM.

Veteran Rashid El Malik petitions for review of the Court of Appeals for Veterans Claims (Veterans Court) order denying his petition for writ of mandamus. *El Malik v. McDonald*, No. 14-0656, 2014 WL 4248122 (Vet. App. Aug. 28, 2014) (*Order*). In his underlying claim, Mr. El Malik seeks a disability rating for a left wrist condition and an additional allotment of Special Monthly Compensation (SMC) due to Aid and Attendance (A&A). Because we agree that Mr. El Malik failed to demonstrate that he lacks or lacked alternative means to obtain relief, we affirm in part. And because Mr. El Malik's remaining arguments fall outside our jurisdiction, we dismiss in part.

I. BACKGROUND

Mr. El Malik served on active duty in the U.S. Army from January 1968 to June 1969. The Department of Veterans Affairs (VA) has since determined that Mr. El Malik is partially or fully disabled due to several service-connected conditions, including separate determination ratings of 100 percent disability for post-traumatic stress disorder since September 1991, and loss of effective use of both legs due to service connected bilateral knee replacements since September 2003. *El Malik v. Shinseki*, 555 F. App'x 986, 988–89 (Fed. Cir. 2014) (listing several service-connected disabilities for which Mr. El Malik was receiving benefits); Respondent's Appendix (R.A.) 186–187 (rating decisions from the VA Los Angeles Regional Office). In May 2006, the Board of Veterans' Appeals (Board) awarded Mr. El Malik A&A at the "n and a half" rate as a result of his combined disabilities. *El Malik*, 555 F. App'x at 988–91 (finding no legal error in the Veterans Court's affirmance of the Board's decision to grant SMC at the intermediate "n and a half" rate).

After the Board's May 2006 decision, Mr. El Malik requested from the VA Regional Office (RO) an increased rating for his previously-rated low back strain, service connection for a left wrist condition, and an additional allowance for A&A. In January 2007, the RO issued a decision that declined to increase Mr. El Malik's rating for his low back strain, denied service connection for his left wrist, and denied additional A&A. Mr. El Malik appealed the RO's decision to the Board on September 28, 2007. The Board sent a letter to Mr. El Malik on October 11, 2007, stating that his appeal had been received.

On February 28, 2014, Mr. El Malik filed a petition for writ of mandamus at the Veterans Court, asking the Veterans Court to compel the VA to act on his claims for a left wrist disability and additional A&A. *Order* at \*1. The Veterans Court ordered the Secretary of Veterans Affairs (Secretary) to file a response. *Id.*

Regarding Mr. El Malik's left wrist claim, the Secretary acknowledged that Mr. El Malik's appeal had not yet been resolved by the Board because his file had been lost after being transferred among various VA offices on numerous occasions. *Id.* The VA then reconstructed the missing portions of Mr. El Malik's file and, on August 4, 2014, the Secretary notified the Veterans Court that Mr. El Malik was awarded service connection for a left wrist disability at a 10 percent disability rating effective June 20, 2006, and at a 40 percent disability rating effective July 17, 2014. *Id.* at \*2. The Veterans Court then held that mandamus was not warranted for Mr. El Malik's left wrist claim, holding that it "need not retain jurisdiction . . . because he can now pursue his claim by appealing the rating decision to the Board." *Id.* at \*3 (citing *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002) (noting that a petition is not a substitute for an appeal)).

Regarding Mr. El Malik's additional A&A claim, the Secretary notified the Veterans Court that a July 2012

rating decision had awarded him additional A&A effective June 23, 2009. *Id.* at *1. The Veterans Court then ordered Mr. El Malik to show cause why his petition should not be dismissed with regard to that claim. *Id.* at *2. Mr. El Malik responded that he was entitled to additional A&A as of 2002. *Id.* The Veterans Court held that mandamus was not warranted for Mr. El Malik's additional A&A claim because the proper adjudication of his claim was to appeal (1) the 2006 Board decision that found Mr. El Malik did not meet the criteria for additional A&A, (2) the 2007 VA rating decision that again denied additional A&A, or (3) the 2012 VA rating decision that granted additional A&A back to June 23, 2009. *Id.* at *3

Mr. El Malik appeals the decision of the Veterans Court.

## II. Discussion

### A

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010). We have jurisdiction over "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We lack jurisdiction over any "challenge to a factual determination" or "challenge to a law or regulation as applied to the facts of a particular case" absent a constitutional issue. 38 U.S.C. § 7292(d)(2). We set aside a Veterans Court decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. . . ." 38 U.S.C. § 7292(d)(1)(A).

To obtain mandamus, the petitioner must show (1) that he has a clear legal right to relief, (2) that there are no adequate alternative legal channels through which the petitioner may obtain that relief, and (3) that the grant of mandamus relief is appropriate under the circumstances. *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81

(2004); *Hargrove v. Shinseki*, 629 F.3d 1377, 1378 (Fed. Cir. 2011). Moreover, the issuance of a writ of mandamus is "in large part a matter of discretion with the court to which the petition is addressed." *Kerr v. U.S. Dist. Court for N. Dist. of Calif.*, 426 U.S. 394, 403 (1976) (citations omitted).

B

As a preliminary matter, the government contends that we must dismiss this appeal for lack of jurisdiction. We disagree in part. The government's position on appeals of mandamus denials has already been rejected by this court's decision in *Lamb*, 284 F.3d at 1381. In response to a similar jurisdictional argument advanced by the government in this case, this Court determined that although Congress intended the Veterans Court to be the final arbiter of all factual issues, "[t]here is no indication, however, that in thus limiting our jurisdiction, Congress intended to insulate from judicial review that court's ruling on mandamus petitions." *Id*. at 1382. This Court has thus consistently exercised jurisdiction over mandamus petitions that raise legal questions within our jurisdiction. *See, e.g., Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013); *Lamb*, 284 F.3d at 1381–82; *Cox v. West*, 149 F.3d 1360, 1365–66 (Fed. Cir. 1998). In doing so, "[w]e may not review the factual merits of the veteran's claim, but we may determine whether the petitioner has satisfied the legal standard for issuing the writ." *Beasley*, 709 F.3d at 1158.

C

Mr. El Malik argues that the September 28, 2007, appeal to the Board for additional A&A remains unresolved because the July 2012 VA rating decision disposed of a completely separate claim for additional A&A. Mr. El Malik contends that his claim in the 2007 appeal related to his double-knee replacement in 2004, whereas the 2012 rating decision resolved a different claim related to "the

loss of use of his third extremity." Petitioner's Brief (Pet. Br.) at 5. The record does not support Mr. El Malik's contention. The 2007 appeal did not relate to Mr. El Malik's double-knee replacement. Instead, the appeal related to the denial of additional A&A "on the basis that the petitioner was bedridden because of . . . right wrist derangement," *i.e.*, the loss of use of his third extremity. *Order* at *3; *see* R.A. 138–48 (the January 2007 VA rating decision). The 2012 rating decision that granted additional A&A back to June 23, 2009, considered the evidence and arguments that were in front of the Board in 2007, and determined that the effective date of June 23, 2009, corresponded to the date of "post traumatic right wrist derangement." R.A. 182–89. Mr. El Malik's claim for additional A&A related to his double-knee replacement in 2004 was resolved by the Board in a May 2006 decision, which awarded Mr. El Malik "n and a half" rate as a result of his combined disabilities. *El Malik*, 555 F. App'x at 988, 991 (finding no legal error in the Veterans Court's decision that the Board did not commit clear and unmistakable error in denying additional compensation to Mr. El Malik). The record, therefore, shows that Mr. El Malik's September 28, 2007, appeal to the Board for additional A&A was resolved by the VA in July 2012. As the Veterans Court noted, Mr. El Malik offered no evidence that he appealed the 2012 rating decision, and a writ of mandamus is not a substitute for an appeal. *Order* at *3.

Mr. El Malik also fails to demonstrate that he lacks alternative means to obtain relief for his left wrist claim. Mr. El Malik contends that he appealed his left wrist rating decision "within days" of the August 4, 2014, VA rating decision, but the Board had not yet addressed his left wrist appeal as of the filing of his brief to this Court. *Id.* at 2. We once again note that mandamus is not a substitute for an appeal.

Mr. El Malik also argues that because the VA only offered an apology for the seven-year delay, denying mandamus will "send the incorrect signal and cause more delays in veteran's disability claims." Pet. Br. at 3. While we are sympathetic to Mr. El Malik's grievance, in this case we defer to the Veterans Court discretion in refusing to issue mandamus. *See Kerr*, 426 U.S. at 403. We therefore hold that Mr. El Malik has not shown that mandamus is warranted as a matter of law.

D

Mr. El Malik argues that the Veterans Court failed to order the VA to adjudicate his claim for an increased rating for his previously-rated low back strain, which was part of his September 28, 2007, appeal to the Board. Mr. El Malik admits that his low back strain claim was not part of his petition for writ of mandamus, but asserts that he notified the Veterans Court of the claim after reviewing the Secretary's response. Mr. El Malik also asserts that, after the Veterans Court issued its decision on his left wrist claim and additional A&A claim, he filed a motion for panel review on the two claims.

The record indicates that Mr. El Malik's low back strain claim was not properly in front of the Veterans Court. Mr. El Malik first mentioned his low back strain in one sentence of his April 2014 reply to the Veterans Court. R.A. 88 ("Mr. Gipe concluded . . . the folder was transferred to the [Board] on March 31, 2014, with no decision on the left wrist, *back*, and Aid and Attendance (A&A)." (emphasis added)). This sentence merely summarized the declaration submitted by the Secretary in support of its response to the Veterans Court, in which the declarant enumerated the portions of the claims file "pertinent to the issue of service connection for a left wrist disability." R.A. 151. Nothing in this sentence or in Mr. El Malik's reply, when liberally construed, can reasonably be interpreted as requesting the Veterans Court to add

his low back strain claim to his petition. Moreover, with limited exceptions not relevant here, Mr. El Malik cannot raise new issues in his reply brief. *Jackson v. Nicholson*, 124 F. App'x 646, 649 (Fed. Cir. 2005) ("It is a general rule of appellate procedure that an appellant waives issues or arguments raised for the first time in a reply brief." (citations omitted)).

We similarly refuse to find that Mr. El Malik's motion for reconsideration of the Veterans Court's denial of mandamus properly put his low back strain claim in front of the Veterans Court for adjudication.

E

We have examined Mr. El Malik's remaining arguments and find them beyond the scope of our jurisdiction. For example, Mr. El Malik challenges the Veterans Court's decision not to impose sanctions against the VA under 38 U.S.C. § 7265. The Veterans Court declined to sanction the VA because it determined that "there is no evidence of noncompliance with the rule or order and, once the Secretary recognized the oversight, the RO and Secretary were reasonably diligent and energetic in attempting to accomplish their duty." *Order* at *3. The Veterans Court's determination is factual in nature, and thus unreviewable by this Court.

Mr. El Malik also asserts the Veterans Court deprived him of a property interest without due process of law when it accepted the Secretary's statements that Mr. El Malik's claims have been resolved. This assertion merely places a "due process" label on the merits of the claim, and is not a separate constitutional contention. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[The] characterization of that question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack."). As explained above, we see no error in the Veterans Court's conclusion that the VA had resolved Mr. El Malik's claims.

Finally, Mr. El Malik requests the "opportunity to file a petition for attorney fees, costs and expenses in this action, as required by 28 U.S.C. § 2412(d)(1)(B)," which is commonly referred to as The Equal Access to Justice Act (EAJA). Pet. Br. at 8. EAJA fees and expenses, however, must be applied for "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). As there has been no final decision in the instant appeal, Mr. El Malik's request is premature. We also caution Mr. El Malik that, once the instant appeal becomes final, EAJA fees are not recoverable by pro se litigants. *Groves v. Shinseki*, 541 F. App'x 981, 984 (Fed. Cir. 2013) (also denying EAJA expenses for time spent as an "expert witness," for "computer/legal research," and for "photocopying expenses").

Accordingly, we hold that the Veterans Court did not abuse its discretion or otherwise commit legal error in denying Mr. El Malik's petition for writ of mandamus. We also hold that Mr. El Malik's remaining claims are outside of this Court's jurisdiction and are dismissed.

CONCLUSION

We affirm the order of the Veterans Court denying the petition for mandamus and dismiss in part Mr. El Malik's appeal.

**AFFIRMED IN PART and DISMISSED IN PART**

COSTS

No costs.